# Exhibit 1



Student Borrower Protection Center
1025 Connecticut Avenue NW, Suite 717
Washington, DC 20036

November 29, 2021

U.S. Department of Education
Office of Management
FOIA Service Center
400 Maryland Ave, SW, Room 2W220
Washington, DC 20202-4536

Re: Freedom of Information Act Request

Dear FOIA Officer:

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the implementing regulations promulgated thereunder for the U.S. Department of Education (ED), 34 C.F.R. Part 5, the Student Borrower Protection Center (SBPC) makes the following requests for records.

**Background**
The federal government will generally write off the federal student loans of borrowers who are to be incarcerated for a period exceeding ten or more years based on the borrower's earliest possible release date.[1] However, eligible borrowers must submit a request to attain this discharge. Advocates have noted that "there is little public information about the government's servicing and collection practices for incarcerated borrowers,"[2] particularly as it relates to the frequency of borrowers' success in accessing discharge.

**Request**
SBPC requests any documents, communications, reports, audits, records, and data related to the number of borrowers who have secured discharge because of incarceration lasting ten years or more. Responsive documents and/or data should include the number of applications and/or requests for this discharge that borrowers have ever submitted, the number of these applications and requests that have been accepted, the number of these applications and requests that have been rejected, the reasons for these rejections, and the number of loans attributable to each cause for rejection. SBPC requests any information on the number of instances in which borrowers who were to be incarcerated for ten years or more overall had applications for discharge due to their incarceration rejected because their application was submitted after such time as that fewer than ten years of incarceration remained. SBPC also requests any data and/or documentation related to the number of currently incarcerated or likely incarcerated people who owe on federal student loan debt and the amount they owe, the varieties of schools they attended (for-profit, non-profit, and/or public), broken out by the length of these borrowers' expected and/or ongoing length of incarceration. SBPC also requests any documentation of guidance or instructions that ED and/or the Office of Federal Student Aid has provided to contractors regarding the

---
[1] https://www.studentloanborrowerassistance.org/loan-cancellation/federal-cancellation/incarceration/
[2] Id.



discharge or other management of incarcerated borrowers' federal student loans. SBPC requests any documentation, reports, audits, records, communications or other materials documenting the cost to collect on and/or service federal student loan debt owed by incarcerated or likely incarcerated borrowers. Finally, SBPC requests any complaints that borrowers have submitted to ED or analysis of complaints that borrowers have submitted to ED regarding discharge for incarcerated borrowers.

Responsive documents should also include but be not limited to any communications with any official, representative, associate, employee, or other actor working or communicating on behalf or in the interest of Maximus/the Default Resolution Group (with all of the preceding terms defined as broadly as possible) and any official, representative, or employee of ED (as defined as broadly as possible) regarding or in a modality related to the discharge of incarcerated borrowers' federal student loans.

SBPC does not object to the redaction from such records of any names or personally identifiable information of any individual.

Beyond the records requested above, SBPC also requests records describing the processing of this request, including records sufficient to identify search terms used (if any), and locations and custodians searched and any tracking sheets used to track the processing of this request. This includes any questionnaires, tracking sheets, emails, or certifications completed by, or sent to, ED personnel with respect to the processing of this request. This specifically includes communications or tracking mechanisms sent to, or kept by, individuals who are contacted in order to process this request.

SBPC seeks all responsive records, regardless of format, medium, or physical characteristics. In conducting your search, please understand the terms "record," "document," and "information" in their broadest sense, to include any written, typed, recorded, graphic, printed, or audio material of any kind. We seek records of any kind, including electronic records, audiotapes, videotapes, and photographs, as well as letters, emails, facsimiles, telephone messages, voice mail messages, transcripts, notes, or minutes of any meetings, telephone conversations, or discussions. Our request includes any attachment to these records. In addition, the Department has a duty to construe a FOIA request liberally.

FOIA presumes disclosure. Indeed, "[a]gencies bear the burden of justifying withholding of any records, as FOIA favors a 'strong presumption in favor of disclosure.'" AP v. FBI, 256 F. Supp. 3d 82, 2017 U.S. Dist. LEXIS 161516 at *10 (D.D.C. Sept. 30, 2017) (quoting Dep't of State v. Ray, 502 U.S. 164, 173 (1991)). Under the FOIA Improvement Act of 2016, an agency is permitted to withhold materials only in one of two limited circumstances, i.e., if disclosure would "harm an interest protected by an exemption" or is otherwise "prohibited by law." 5 U.S.C. § 552(a)(8)(A)(i). If the Department takes the position that any portion of any requested record is exempt from disclose, SBPC requests that you "demonstrate the validity of [each] exemption that [the Department] asserts." People for the American Way v. U.S. Department of Education, 516 F. Supp. 2d 28, 34 (D.D.C. 2007). To satisfy this burden, you may provide SBPC with a Vaughn Index "which must adequately describe each withheld document, state which exemption the agency claims for each withheld document, and explain the exemption's relevance." Id. (citing Johnson v. Exec. Office for U.S. Att'ys, 310 F.3d 771, 774 (D.C. Cir. 2002). See also Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973). That index must provide, for each document withheld and each justification asserted, a relatively detailed justification – specifically identifying the reasons why the exemption is relevant. See generally King v. U.S. Dep't of Justice, 830 F.2d 210, 223-24 (D.C. Cir. 1987).



To ensure that this request is properly construed and does not create any unnecessary burden on the Department, SBPC welcomes the opportunity to discuss this request at your earliest convenience, consistent with and without waiving the legal requirements for the timeframe for your response.

Please provide responsive material in electronic format, if possible. Please send any responsive material either via email at ben@protectborrowers.org or by mail to Student Borrower Protection Center c/o Ben Kaufman; 1025 Connecticut Ave. NW, Suite 717 Washington, D.C. 20036. We welcome any materials that can be provided on a rolling basis.

**Request for Waiver of Fees**

Please note that the SBPC is a public interest group and that this request is not for commercial use. The maximum dollar amount I am willing to pay for this request is $25.

Please notify me if the fees will exceed $25.

I request a waiver of all fees for this request. Disclosure to me of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and student loan servicing, because it and is not primarily in my commercial interest.

The Student Borrower Protection Center is a nonprofit advocacy and research organization founded in 2018. SBPC engages in advocacy, policymaking, and litigation strategy to rein in industry abuses, protect borrowers' rights, and advance economic opportunity for the next generation of students. SBPC uses the information it gathers, and its analysis of it, to educate the public through reports, social media, press releases, and other mediums. SBPC makes its reports available to the public, without cost, on its website (protectborrowers.org).

Accordingly, SBPC qualifies for a fee waiver.

\* \* \*

SBPC looks forward to working with you on this request within the statutorily provided timeframe. If you have any questions or concerns about the scope of the request, or foresee any problems whatsoever, please contact me at ben@protectborrowers.org or (201) 264-1770. If the request for a fee waiver is not granted, or if any fees will be in excess of $25, please contact me immediately.

Sincerely,

Ben Kaufman
Head of Investigations
Student Borrower Protection Center