UNITED STATES DISTRICT COURT
DISTRICT OF DISTRICT OF COLUMBIA

STUDENT BORROWER PROTECTION
CENTER
(a fiscally sponsored project of
Shared Ascent Fund),
1025 Connecticut Ave NW,
#717 Washington, DC 20036

        Plaintiff,

vs.

UNITED STATES DEPARTMENT OF
EDUCATION,
400 Maryland Avenue SW
Washington, D.C. 20202

        Defendant.

Civil Action No. _____

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

## INTRODUCTION

1. This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to compel the United States Department of Education (ED) to produce documents relating to its policy of writing off as uncollectible the defaulted federal student loans of borrowers incarcerated for periods of 10 years or more.[1]

2. On November 29, 2021, Plaintiff, the Student Borrower Protection Center (SBPC or Plaintiff), submitted a FOIA Request (Request) for "any documents, communications, reports, audits, records, and data related to the number of borrowers who have applied for and secured discharge because of incarceration lasting ten years or more."

3. The Plaintiff also requested any records relating to the treatment of incarcerated borrowers, generally, including any guidance or instructions that ED gives to contractors

---

[1] *Loan Servicing and Collection Frequently Asked Questions*, FED. STUDENT AID, at IB-Q5, https://fsapartners.ed.gov/knowledge-center/faqs/loan-servicing-and-collection-frequently-asked-questions [https://perma.cc/4AQP-7CGQ].

1

regarding how to service loans that are owed by incarcerated borrowers, as well as materials that document the cost of collecting federal student loan debt owed by incarcerated borrowers.

4.     The information sought is of critical importance to securing debt relief and improving reentry outcomes for the hundreds of thousands of incarcerated federal student loan borrowers who are overwhelmingly in default.[2] Incarcerated borrowers are particularly at risk of default due to communication restrictions and limited earning potential inside correctional facilities.[3]

5.     Defaulting on a federal student loan can have serious consequences for incarcerated borrowers who would face barriers to successful reentry to their communities even without the additional hardships imposed by ED's debt collection measures in the form of wage garnishment, seizure of public benefits, and exclusion from Title IV federal student aid programs.[4]

6.     ED's failure to produce the requested information about student loan servicing, debt collection, loan write offs, and overall treatment of incarcerated borrowers hinders SBPC's ability to advocate for these borrowers and ensure they have access to every tool that could help alleviate their debt burdens and improve their reentry outcomes.

## PARTIES

7.     SBPC, a fiscally sponsored project of Shared Ascent Fund, is a non-profit organization dedicated to alleviating student debt for millions of Americans. SBPC engages in advocacy, research, and litigation strategy to rein in industry abuses, protect borrowers' rights, and advance economic opportunity for the next generation of students. SBPC has its principal location located at 1025 Connecticut Ave NW, #717 Washington, DC 20036.

---

[2] *Collection At All Costs: Unlocking Cancellation for Incarcerated Borrowers*, Student Borrower Prot. Ctr. 9-13 (2023), https://protectborrowers.org/wp-content/uploads/2023/06/Incarcerated-Borrowers-Cancellation.pdf.
[3] *Collection At All Costs: Examining the Intersection of Mass Incarceration and the Student Debt Crisis*, Student Borrower Prot. Ctr. 8-12 (2022), https://protectborrowers.org/wp-content/uploads/2022/08/Collection-at-AllCosts_Final.pdf.
[4] *Unlocking Cancellation*, supra note 2, 7-8; *Mass Incarceration and the Student Debt Crisis*, supra note 3, at 12-14.

8. Defendant, the United States Department of Education, is a federal agency with its principal place of business at 400 Maryland Avenue SW, Washington, D.C. Defendant is responsible for administering federal student loan and grant programs in the United States.

9. Defendant is an "agency" within the meaning of 5 U.S.C. § 552(f)(1).

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

11. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## FACTUAL ALLEGATIONS

### ED has failed to respond to Plaintiff's FOIA Request

12. On November 29, 2021, Plaintiff submitted a FOIA Request via email requesting: "[A]ny documents, communications, reports, audits, records, and data related to the number of borrowers who have applied for and secured discharge because of incarceration lasting ten years or more." A true and accurate copy of Plaintiff's Request is attached hereto as Exhibit 1.

13. On December 1, 2021, ED acknowledged receipt of the Request via electronic mail and assigned the tracking number 22-01093-F.

14. On December 1, 2021, ED sent an electronic message requesting clarification of the "<u>date range of record</u> for documents responsive to" Plaintiff's Request.

15. On December 13, 2021, Plaintiff responded to the request by clarifying that the date range included "everything from the last decade *and* any policy documents still in effect."

16. On December 29, 2021, ED sent an electronic message requesting more clarification of the information requested in Plaintiff's Request including (highlighting in original):

1. Any documents, communications, reports, audits, records, and data related to the number of borrowers who have secured discharge ==because of incarceration lasting ten years or more==.

2. Responsive documents and/or data should include:

(a) the number of applications and/or requests for this discharge ==that borrowers have ever submitted==.

3. There is no entitlement to a =="discharge"== for incarceration in excess of 10 years and no application for a write off on this basis. Borrowers may notify their servicer or collection agency of their status, or their servicer may independently initiate the request.

4. This appears to be reflected in the phrase =="applications and/or requests."==

   a. However, the request specifies =="that borrowers have ever submitted."== Should we interpret the question broadly as including all requests, or is the request specifically with regard to those initiated by the borrower? May not be able to segregate the two sources.

17. On January 3, 2021, Plaintiff responded to the request by clarifying that:

FSA's FAQs state:

> "In cases of defaulted loans where a borrower's incarceration extends beyond 10 years, however, the Department will write off debts as uncollectable."
>
> "[A]pplications and/or requests" should be interpreted broadly to include any instances in which a borrower and/or their servicer took action to have a debt written off due to an incarceration of ten years or more.

> The availability of debt elimination for incarcerated borrowers is in FSA's FAQs. I am trying to learn how many times it has been attempted and how many times it has successfully happened.

18. On January 14, 2022, ED sent a letter via electronic message to Plaintiff regarding the status of the Request. The letter, labeled "20-DAY NOTIFICATION," states that the Request "was forwarded to the appropriate offices(s) within the Department for any responsive documents they may have" and that "[the Department is] unable to provide an estimated completion date."

19. On June 9, 2022, Plaintiff sent an electronic message to ED requesting an update on the Request after no word from ED since the January 14th correspondence.

20. To date, over one and a half years have passed since receipt of Plaintiff's Request, as well as since ED's last correspondence and ED has not communicated with Plaintiff as to its determination regarding the Request, nor has ED provided Plaintiff with any responsive records.

## FIRST CAUSE OF ACTION

### (FOIA Violation-Failure to Conduct Search for Records)

21. Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), SBPC has exhausted all administrative remedies with respect to this FOIA request.

22. After several back-and-forth emails between ED and the SBPC, ED stopped responding, and no word has been received since January 2021.

23. ED has failed to conduct an adequate search for the records that Plaintiff requested, and has withheld such records without a proper explanation or denial.

24. ED has no legal basis for withholding records that are responsive to Plaintiff's properly submitted FOIA Request.

25.   Under 5 U.S.C. § 552(a)(3)(C), SBPC is entitled to an adequate search and to any non-exempt records that were requested.

## SECOND CAUSE OF ACTION

### (FOIA – Failure to Disclose Responsive Records)

26.   Pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has exhausted all administrative remedies with respect to this FOIA request.

27.   Plaintiff has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records it requested, and there is no legal basis for ED's failure to disclose the unproduced records in full.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this court:

(1) Declare that ED has violated FOIA, by its failure to timely respond to SBPC's request and its failure to make the records promptly available;

(2) Order ED to make a determination regarding SBPC's request;

(3) Order ED to make the requested records available to SBPC at no cost and without delay;

(4) Order ED to provide a justification for any withholding—in full or in part—of any responsive records withheld under a claim of exemption.

(5) Retain jurisdiction over this case to monitor ED's compliance with any court orders and to rule on any assertions by ED that any responsive records held by ED are, in whole or in part, exempt from disclosure;

(6) Award SBPC its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

(7) Grant such other and further relief as this Court may deem just and proper.

Dated: June 20, 2023						Respectfully submitted,

							By:	/s/ Persis Yu

							Persis S. Yu*
							**Student Borrower Protection Center**
							(a fiscally sponsored project of the Shared Ascent Fund)
							1025 Connecticut Ave NW, #717
							Washington, D.C. 20036
							Telephone: (202) 670-3871
							Email: persis@protectborrowers.org

							* Not yet admitted to the Bar of the District of Columbia, but admitted to practice law in Massachusetts and New York. Practice limited to federal court matters.